IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Mohr,<br><br>          Plaintiff,<br><br>v.<br><br>Martin O'Malley,[1]<br><br>          Defendant. | No. CV-23-00535-TUC-SHR (LCK)<br><br>**REPORT AND RECOMMENDATION** |

    Plaintiff Jennifer Mohr filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. (Doc. 1.) Before the Court are Plaintiff's Opening Brief, Defendant's Responsive Brief, and Plaintiff's Reply. (Docs. 22, 24, 25.) Pursuant to the Rules of Practice of the Court, this matter was referred to Magistrate Judge Kimmins for Report and Recommendation. Based on the pleadings and administrative record, the Magistrate Judge recommends the District Court, after its independent review, affirm the Commissioner's decision.

**FACTUAL AND PROCEDURAL HISTORY**

    Plaintiff filed an application for Disability Insurance Benefits (DIB) in January 2022, alleging disability from June 20, 2019. (Administrative Record (AR) 289.) She had past work as a tour director, sales associate, and in human resources. (AR 391, 408.) She was born in March 1968, making her 51 years of age at the alleged onset date of her

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the Court automatically substituted Martin O'Malley as Defendant, because he was sworn in as Commissioner of the Social Security Administration in December 2023.

disability. (AR 289.) Plaintiff's application was denied upon initial review (AR 97-109) and on reconsideration (AR 110-22). A telephonic hearing was held on March 10, 2021 (AR 77-96), after which the ALJ found Plaintiff not disabled at Step Four. (AR 126-36.) The Appeals Council vacated the ALJ's decision and remanded the matter to the ALJ for a new hearing and decision. (AR 144-48.)

The ALJ held a second telephonic hearing on July 27, 2022 (AR 43-76), after which she found Plaintiff was not disabled (AR 17-32). The ALJ determined Plaintiff had severe impairments of chronic fatigue syndrome, fibromyalgia, osteoarthritis, degenerative disc disease, peripheral artery disease, venous insufficiency, malabsorption, and obesity. (AR 21.) The ALJ concluded Plaintiff had the Residual Functional Capacity (RFC) to perform sedentary work subject to the following limitations: sit 6 hours and stand or walk for 2 hours out of an 8-hour work day; "use of a single point cane while ambulating when she experiences lower extremity swelling"; frequently lift and carry 10 pounds; occasionally climb, stoop, kneel, crouch, crawl, and be exposed to moving machinery and unprotected heights. (AR 23.) The ALJ concluded at Step Four, based on the testimony of a vocational expert (VE), that Plaintiff could perform her past work as a personnel clerk "as generally performed in the national economy at a sedentary level, but not as she performed it." (AR 31.) The Appeals Council denied review of the ALJ's decision. (AR 2.)

## STANDARD OF REVIEW

The Commissioner employs a five-step sequential process to evaluate DIB claims. 20 C.F.R. § 404.1520; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing she (1) is not working; (2) has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) claimant's RFC precludes her from performing her past work. 20 C.F.R. § 404.1520(a)(4). At Step Five, the burden shifts to the Commissioner to show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not

disabled" at any point in the five-step process, he does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

## DISCUSSION

Plaintiff brought one claim in which she argues the ALJ failed to make required findings about her past relevant work. And the ALJ's finding that she could perform her past relevant work was not supported by substantial evidence.[2] It appears Plaintiff is making two arguments, which the Court addresses in turn.

---

[2] Plaintiff argued that the ALJ failed to make findings required by SSR 82-62 and that the ALJ's findings conflicted with this SSR. (Doc. 22 at 5; Doc. 25 at 1-2.) However, she failed to identify how the ALJ's decision violated this SSR, and it is not evident to the Court from a review of the ALJ's decision and the SSR. Because Plaintiff did not explain

- 3 -

First, Plaintiff argues the ALJ's Step Four finding relied upon the VE's misclassification of Plaintiff's past HR work as sedentary. Plaintiff contends this finding was based on how she performed her past work with accommodation of a scooter, but the VE failed to evaluate the exertional level of her past work without accommodation. Plaintiff's argument does not accurately reflect the ALJ's findings. The VE, and in turn the ALJ, found that Plaintiff's past HR work was medium exertion as performed by Plaintiff but sedentary as generally performed in the national economy (AR 31, 71). *See* 20 C.F.R. § 404.1560(b)(2) ("A vocational expert or specialist may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy."). Although the VE mentioned Plaintiff's testimony that she sat for seven hours a day, she did not classify Plaintiff's past work, as actually performed, as sedentary. (AR 71.) More importantly, the ALJ did not find that Plaintiff could perform her past work as previously performed at the medium exertional level.

Instead, the ALJ found Plaintiff could perform her past HR work (classified by the VE as personnel clerk) only as performed nationally at the sedentary level. A finding about how a job is performed nationally is based on the Dictionary of Occupational Titles (DOT) and VE testimony, it is not impacted by how a job was performed by a particular claimant. An ALJ may rely upon the DOT to define a job as usually performed in the national economy, with the understanding that "some individual jobs may require somewhat more or less exertion than the DOT description." SSR 82-61.[3] Further,

> A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers throughout the national economy. Under this test, if the claimant cannot perform the excessive functional demands and/or job

---

how the ALJ's decision violated SSR 82-62, the Court does not evaluate this argument further.

SSR 82-62 was rescinded and replaced by SSR 24-2p, effective June 22, 2024. However, because it was in effect at the time of the ALJ's decision, the Court reviewed SSR 82-62 for purposes of evaluating Plaintiff's argument.

[3] SSR 82-61 was rescinded and replaced by SSR 24-2p, effective June 22, 2024. However, because it was in effect at the time of the ALJ's decision, the Court relied upon SSR 82-61 in evaluating Plaintiff's claim.

duties actually required in the former job but can perform the functional demands and job duties as generally required by employers throughout the economy, the claimant should be found to be "not disabled."

*Id.* This SSR speaks directly to the findings in Plaintiff's case. Her past work, as performed without accommodation, was at a medium exertional level, which was beyond her RFC. However, the VE testified that Plaintiff's position as typically performed for other employers was sedentary and she could perform it based on the RFC found by the ALJ.

Second, Plaintiff argues her past work does not come within the (DOT) category of personnel clerk as found by the ALJ. She contends that her past position was a training coordinator, which is not sedentary because it required that she perform demonstrations, stand, and walk. In determining whether a claimant's past work is equivalent to a DOT occupation, a VE considers the major tasks and the industry of the job. Program Occupational Manual Systems (POMS) DI 25005.025.[4] The DOT states that a personnel clerk (No. 209.362-026)[5] performs the following tasks:

> Compiles and maintains personnel records: Records employee information, such as personal data; compensation, benefits, and tax data; attendance; performance reviews or evaluations; and termination date and reason. Processes employment applications and assists in other employment activities. Updates employee files to document personnel actions and to provide information for payroll and other uses. Examines employee files to answer inquiries and provides information to authorized persons. Compiles data from personnel records and prepares reports using typewriter or computer.

Plaintiff provided information that she worked as a training coordinator in the Human Resources department of Walmart from May 2013 to June 2019. (AR 48, 391, 408, 531.) She submitted a February 11, 2020, letter, which indicated her tasks included "interacting with associates and management, answering phone calls and emails, setting up interviews, conducting new employee orientation and explanation of benefits, filing, and record keeping." (AR 398.) At the first hearing, Plaintiff testified that her work in HR involved, "getting people into our interviews, make sure people continued their training, I

---

[4] This POMS provision is available online here: https://secure.ssa.gov/poms.NSF/lnx/0425005025

[5] The DOT description of a personnel clerk is available online here: https://occupationalinfo.org/20/209362026.html.

was also the one who did the orientations on new associates, went over benefits, and also had to partake in any type of celebrations on all three shifts to – for associates." (AR 82.) On a resume, she described her HR job as involving:

> Conducted new associate orientation and training. Ensure associates know policy and procedures of Walmart. Used my medical insurance background to explain how the various insurance plans worked. Worked on unemployment cases, various HR reports including FT/PT report, Attendance reports. At times have worked solo in office as both the PC & TC. Assist associates day to day with training, questions, and issues that may require other resources to resolve personnel or professional. Organized and facilitated holiday events, CMN fundraising, and store celebrations.

(AR 524.)

Plaintiff's prior job was in the HR department as is the position of personnel clerk. The payroll clerk position has several primary components, each of which are reflected in Plaintiff's job description with comparable or overlapping tasks:

1. A personnel clerk creates and maintains records and prepares reports; Plaintiff testified that she performed record keeping and created reports.

2. A personnel clerk processes employment applications; Plaintiff stated that she set up interviews, conducted orientations, and explained policies and benefits to new employees.

3. A personnel clerk is responsible for updating employee files; Plaintiff stated that her job included filing.

4. A payroll clerk answers inquiries from authorized persons based on employee files; Plaintiff answered phone calls and emails and interacted with associates and management.

Additionally, the job of personnel clerk includes "assist[ing] in other employment activities." DOT 209.362-026. This category readily encompasses the other tasks Plaintiff performed such as training and coordinating holiday celebrations.

A close review of the evidence demonstrates that Plaintiff learned and adequately performed the major tasks of a personnel clerk for a period of years. *See* SSR 82-62 ("'work experience' means skills and abilities acquired through work previously performed by the individual which indicates the type of work the individual may be expected to perform.").

That fact that Plaintiff <u>also</u> conducted training in her past job does not undermine her experience in performing the tasks required of a personnel clerk as defined in the DOT. Plaintiff has not demonstrated that the ALJ erred in finding that she had past relevant work as a personnel clerk. Nor has Plaintiff established that the ALJ committed legal error at Step Four or that the ALJ's Step Four decision is not supported by substantial evidence.

## RECOMMENDATION

A federal court may affirm, modify, reverse, or remand a social security case. 42 U.S.C. § 405(g). The Court concludes the ALJ did not err as to her evaluation at Step Four, the only claim raised by Plaintiff. Therefore, the Magistrate Judge recommends that the District Court deny Plaintiff's appeal.

Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-23-00535-TUC-SHR**.

Dated this 1st day of November, 2024.

Honorable Lynnette C. Kimmins
United States Magistrate Judge